**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **ANNA PAZ,** *Plaintiff* | § § § |
| v. | § § No. 1:23-CV-00485-DII |
| **CHRISTY BREEDEN, COSTCO WHOLESALE CORPORATION,** *Defendants* | § § § § § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DISTRICT JUDGE

Before the Court is Plaintiff Anna Paz's Motion to Remand, Dkt. 4, and all associated responses. This motion was referred to the undersigned for report and recommendation.

## I.   BACKGROUND

This is a personal injury slip and fall case that was originally filed in 368th Judicial District Court in Williamson County and was subsequently removed to federal court on the basis of diversity. Plaintiff Anna Paz brings claims against Costco Wholesale and Costco manager Christy Breeden alleging claims of premises liability, respondeat superior, negligence and gross negligence, for injuries she allegedly sustained while visiting Costco's Store #4601 in Williamson County. Dkt. 1-2.

Breeden was served with process on April 20, 2023. Costco was served on April 17, 2023. Both Defendants answered on April 17, 2023. On April 28, 2023, Costco filed its Notice of Removal alleging diversity jurisdiction and improper joinder of

1

Texas resident Breeden. Plaintiff Paz objects to the removal and moves to remand, arguing that there was a defect in the removal as Breeden did not join in or consent to the removal. Costco argues that Breeden's consent was not required because she was improperly joined, and therefore there is no defect.

## II.     ANALYSIS

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id.* The removal statutes are strictly construed in favor of remand. *Id.*

In the Fifth Circuit, all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30-day period set forth in 28 U.S.C. § 1446(b). *Getty Oil, Div. Of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988). Failure to do so, renders the removal defective. *Id.* However, the consent of an improperly joined defendant is not required. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc). Thus, the undersigned must determine whether Breeden was improperly joined to determine whether the failure to gain her consent to removal constitutes a defect.

The doctrine of improper joinder is a narrow exception to the rule of complete diversity. *Id.*, at 573. The doctrine allows federal courts to defend against attempts

to manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal courts of diversity jurisdiction. *Id.* at 576. Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007). In determining whether a party was improperly joined, the court "resolve[s] all contested factual issues and ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Id.* at 573. Under the second alternative, which is at issue here, the test for improper joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery" (emphasis omitted)).

Paz argues that the undersigned must assess whether Paz may bring a cause of action against Breeden using the "fair notice" pleading standard set forth in Texas

3

Rule of Civil Procedure 45(b). However, when deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standard. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 207-08 (5th Cir. 2016) (on rehearing). This standard requires the plaintiff to plead enough facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To assess "whether a plaintiff has a reasonable basis of recovery under state law," the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. *Smallwood*, 385 F.3d at 573.

In this case, Paz brings claims against Breeden in her capacity as the manager of the Costco where the alleged slip and fall occurred. Paz specifically pleads that:

> Defendant BREEDEN had an active role in managing the daily operations of the subject COSTCO store and is responsible for maintaining the premises. Defendant BREEDEN knew or should have known of the subject liquid on Defendant COSTCO's floor and did not fix the unreasonably dangerous condition or give warning that the dangerous condition existed. This conduct amounted to a breach of Defendant BREEDEN's duty to Plaintiff, which resulted in the damages for which she now sues.

Dkt. 1-2, at 6-7. Paz further pleads that at the time of her injury:

> BREEDEN was an on-duty manager of Defendant COSTCO and knew of the liquid on the floor directly in front of the supervisor stand, where multiple COSTCO employees were standing, talking, and facing. Defendant BREEDEN knew about the subject liquid for a substantial

4

>amount of time and did not take proper actions to correct the dangerous condition of the subject liquid on the floor. Plaintiff was walking in the area and slipped and fell….

*Id.* at 3.

Texas law clearly holds that corporate employees may be held personally liable for their negligent conduct committed within the scope of employment. *See Land v. Wal-Mart Stores of Tex., LLC*, No. SA-14-CV-009-XR, 2014 WL 585408, at *3 (W.D. Tex. Feb. 13, 2014) ("[E]mployees are not somehow immunized for their own torts if they were acting within the scope of their employment."). Under Texas law an "employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). But an employee may not be held individually liable unless he breaches an independent duty of care he owed to the injured party that is separate from the duty owed by the employer. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).

In cases where courts have held a store manager or employee to be potentially liable, the plaintiffs alleged the employee was directly involved in the conduct that caused the plaintiff's injuries. In *Sackett v. Russell Williams and TSA Stores, Inc.*, for example, the plaintiff was injured when he sat on a hammock display and it collapsed. No. A-13-CA-755-SS, 2013 WL 11274251, at *1 (W.D. Tex. Nov. 18, 2013). The Court held that the plaintiff stated a cause of action against the manager on duty because he alleged the manager "by and through his actions or inactions, failed to reasonably ensure the safe placement, construction, inspection, display, or warnings of the hammock at the time of the incident." *Id.* at *4; *see also Land,* 2014 WL 585408, at

\*4 (holding defendant properly joined because plaintiff alleged employee negligently operated floor cleaning machine and actually created the dangerous wet floor condition which caused the plaintiff's fall); *Gonzalez v. Wal-Mart Stores of Texas, LLC*, No. 2:13-CV-65, 2013 WL 1827924, at \*2 (S.D. Tex. Apr. 30, 2013) (plaintiff alleged employee negligently inspected and serviced a tire); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 788, 790 (W.D. Tex. 2007) (same); *Rios v. Cooper Tire & Rubber Co.*, No. 1:13-CV-433, 2015 WL 12762259, at \*7 (E.D. Tex. Apr. 30, 2015) (finding a corporate employee may be individually liable for plaintiffs' negligence claims where the employee "directly and personally participated in the inspection of the van, exposing her to potential liability"); *Lyle v. 24 Hour Fitness, USA, Inc.*, No. A-14-CV-300-LY, 2014 WL 5094126, at \*4 (W.D. Tex. Oct. 10, 2014) (noting that Texas law creates an independent duty for an employee in a negligence suit when "the pleadings alleged the store manager or agent played a personal role in creating the dangerous condition at issue").

By contrast, where the employee was merely indirectly involved, or the plaintiff did not allege active involvement, courts have held plaintiffs could not recover from the employee. In *Gonzalez,* the plaintiff slipped and fell, but because she did not "plead that [the manager] personally directed or participated in any of the alleged negligent acts," the manager was improperly joined, and the court refused to remand the case. 2010 WL 1417748, at \*3; *see also Mascorro v. Wal-Mart Stores Inc.*, No. EP-15-CV-00112-FM, 2015 WL 3447987, at \*3 (W.D. Tex. May 28, 2015) (holding manager improperly joined because plaintiff did not allege direct involvement);

6

*Torres v. Hobby Lobby Stores, Inc.*, No. EP-13-CV-187-KC, 2013 WL 6157916, at *6 (W.D. Tex. Nov. 22, 2013) (dismissing claim against manager because plaintiff did not allege facts supporting manager "was in any way involved with the tortious conduct").

In this case, Paz does not allege facts indicating that Breeden was directly involved in or created the situation that caused her injury. *See, e.g., Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 480 (S.D. Tex. 2008) (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *but see Land*, 2014 WL 585408, at *3 (declining to dismiss claims against employee who created a dangerously wet floor by negligently operating a commercial floor cleaning machine); *Summers v. Lowes Home Centers, LLC*, SA-23-CA-00406-XR, 2023 WL 3534392, at *3-4 (W.D. Tex. May 17, 2023) (holding plaintiff could bring negligence claim against employee who stacked dangerous metal and also directed other employees to do so).

Additionally, Paz has failed to plead that Breeden, "breache[d] an independent duty of care [s]he owed to the injured party separate from h[er] employer's duty." *Lyle,* 2014 WL 5094126, at *3; *McKinney v. Home Depo, USA, Inc.*, No. 4:06-cv-327-A, 2006 WL 2947324, at *2 (N.D. Tex. Oct. 13, 2006). Paz has attempted to ascribe to Breeden a duty of care to Paz separate from that of Costco's by asserting Breeden was the on-duty manager, that she was aware of the spilled liquid on the floor, and failed to clean it up. This duty of care is no different from the duty of care Costco owed Paz. *See Diaz v. Home Depot U.S.A., Inc.*, SA-22-CV-00004-XR, 2022 WL 980152, at *4

(W.D. Tex. Mar. 30, 2022) (finding no separate duty arising from "negligent undertaking" theory where employee gratuitously attempted to clean up spill and failed to warn plaintiff of spilled hydrochloric acid); *Kopczynski v. Wal-Mart Stores Texas, LP*, No. H-10-CV-4507, 2011 WL 902237, *3-6 (S.D. Tex. Mar. 14, 2011) (concluding in slip and fall action that door greeter did not owe an independent duty of care where he failed to clean up a spill despite seeing other patrons slip because he did not cause the dangerous condition which caused the injury); *Bascue v. Wal-Mart Stores Texas, LLC*, No. 4:09-CV-409, 2009 WL 10708549, at *4 (E.D. Tex. Nov. 9, 2009) (holding the employee was improperly joined and explained that "[t]he allegations against [the employee] were essentially identical to the allegations against Wal-Mart"); *Solis,* 617 F. Supp. 2d at 481 (store manager with no personal involvement in creating dangerous condition owed no separate legal duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837-38 (E.D. Tex. 2008).

The undersigned finds that because Paz has failed to adequately plead facts supporting that Breeden had a duty of care to her separate from that of Breeden's employer, she cannot bring a claim against Breeden. Therefore, Breeden is improperly joined. Because she is improperly joined, the removal is without defect and remand is improper. Additionally, all claims against Breeden should be dismissed without prejudice.

### III. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff Anna Paz's Motion to

Remand, Dkt. 4, and **DISMISS** all claims against Christy Breeden **WITHOUT PREJUDICE**. The referral to the undersigned is **CANCELED**.

## IV.   WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED September 14, 2023.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE